IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01494-KAS

BRANDON LEE DIAZ DELEON,

    Plaintiff,

v.

AUGUST LINNEMEYER,
TIFFANY MIZELLE,
JESSICA LINNEMEYER-SCHLAGEL,
JOSEPH YANCY,
HANNAH BEVARD,
HALEY PHROPER,
SHANE WHITEMORE,
JACOB A. STARKOVICH,
PEOPLE OF THE STATE OF COLORADO,
COUNTY OF KIT CARSON, COLORADO,
CITY OF BURLINGTON, COLORADO,
13TH JUDICIAL DISTRICT COURT, COLORADO,
STATE OF COLORADO PUBLIC DEFENDER OFFICE,
SUE CAMBELL,
BRIAN JOHNSON, Attorney Number 46182,
JUSTIN HEINLEIN,
MARTY GREEK,
ELIZABETH DELUCA,
BRITNEY LEWTON,
DEBORAH EURICH,
ADVANTAGE TREATMENT CENTER,
DOUGLAS CARRIGAN,
BRIAN LYNCH,
NOAH MERAZ,
ETHAN ICE, #42430,
COLORADO LEGAL DEFENSE GROUP,
COUNTY OF LOGAN, COLORADO,
LOGAN COUNTY SHERIFF,
LOGAN COUNTY JAIL,
JENNELYSE BRUNSTING,
DIANA VENTURA,
DIRECTOR OF COLORADO DEPARTMENT OF CORRECTIONS, and
WARDEN OF COLORADO TERRITORIAL CORRECTIONAL FACILITY,

    Defendants.

---

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Enlargement of Time to Complete Service of Process and Request for Alternative Method of Service** [#18] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion [#18] is **GRANTED in part and DENIED without prejudice in part**. The Motion is **granted** to the extent that the deadline for Plaintiff, who proceeds as a pro se litigant, to complete service of process on all Defendants is extended to **April 18, 2025**.

The Motion is **denied without prejudice** to the extent Plaintiff seeks leave to serve Defendants by alternative service. Colo. R. Civ. P. 4(f), incorporated and made applicable to this action by Fed. R. Civ. P. 4(e)(1), permits substituted service as follows:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> > (1) authorize delivery to be made to the person deemed appropriate for service, and
> >
> > (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f). Before the Court can permit substituted service, Plaintiff must provide the specific, requisite information as to *each* Defendant he seeks to serve by alternative means. Generalized statements regarding his efforts are insufficient.

2

In addition, the Court directs Plaintiff's attention to the **Federal Pro Se Clinic**, which provides **free** legal assistance to people representing themselves in the U.S. District Court for the District of Colorado.  The Clinic is located at: Alfred A. Arraj Courthouse (first floor), 901 19th Street, Denver, CO 80294.

Pro se litigants are **strongly encouraged** to contact the Federal Pro Se Clinic at **303-824-5395** to make an appointment to speak with a lawyer.  Pro se litigants may also make an appointment online (and find additional information) at **www.cobar.org/fpsc/**.

The Court notes that the Clinic **cannot** assist with criminal, habeas, appeals, or any state cases. Clinic attorneys **cannot** provide representation to pro se litigants and **cannot** appear at hearings on behalf of pro se litigants. Clinic attorneys may help pro se litigants to prepare complaints and responsive pleadings, provide assistance with other common pleadings, answer procedural questions, and explain legal concepts such as jurisdiction, venue, and service of process.

Dated: March 4, 2025